Karen Edwards CRITZ, Plaintiff–Appellant,

v.

UNION OIL COMPANY OF CALI-FORNIA, dba Unocal Corporation, Defendant–Appellee.

No. 00–35030, 00–35128.

D.C. No. CV–98–01746–MJP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2001.

Decided Aug. 20, 2001.

Before NOONAN, TASHIMA and TALLMAN, Circuit Judges.

MEMORANDUM *

Karen Edwards Critz appeals the district court's order granting summary judgment on her diversity action against her former employer, Union Oil of California ("Unocal"). Critz contends that there are genuine issues of fact regarding her claim that Unocal breached an express or implied contract for a salary increase, that Unocal violated RCW 49.52.070 by wilfully withholding her wages, and that the district court erred by failing to admit as evidence a statement allegedly made by Critz's manager. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for trial.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

We review a district court's grant of summary judgment de novo. *Weiner v. San Diego County,* 210 F.3d 1025, 1028 (9th Cir.2000). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any issues of material fact and whether the district court correctly applied the relevant substantive law. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000).

Under Washington law, to create an express contract the parties must "express their intentions and the terms of their agreement, either orally or in writing, at the time they enter into the contract." *Concerned Citizens of Hosp. Dist. No. 304 v. Bd. of Comm'rs of Pub. Hosp. Dist. No. 304,* 78 Wash.App. 333, 897 P.2d 1267, 1271–72 (1995). The intentions of the parties are determined by the reasonable meaning of their words and acts. *Id.* An employee's subjective understanding or belief concerning the existence of a contract is insufficient to establish a contractual obligation. *Roberts v. Atlantic Richfield Co.,* 88 Wash.2d 887, 568 P.2d 764, 769 (1977).

"A contract implied in fact is an agreement of the parties arrived at from their conduct rather than their expressions of assent." *Heaton v. Imus,* 93 Wash.2d 249, 608 P.2d 631, 632 (1980). As with an express contract, an implied contract is based on the intentions of the parties and cannot exist without a meeting of the minds. *Id.* (citations omitted).

The record contains evidence that at least some persons in positions of responsibility at Unocal thought that Critz was an "exclusive" BDM. In its brief before this Court, Unocal refers to the "33 employees within Unocal holding the *exclusive* job title of BDM." (Emphasis added.) After reviewing the documents submitted by Unocal in support of this statement, including the declaration of Unocal's Senior Compensation Advisor and attached documents, it is clear that Unocal included Critz in its tally of "exclusive BDMs."

In light of Unocal's apparent confusion as to Critz's status, and other evidence submitted in this case which indicates that Unocal had an established pay structure for BDMs, we reverse the district court's grant of summary judgment in favor of Unocal. A jury should decide whether the parties ever agreed to increase Ms. Critz's wages commensurate to those paid BDMs.

We review the district court's evidentiary rulings made in the context of a summary judgment motion for an abuse of discretion. *Block v. City of Los Angeles,* 253 F.3d 410, 416 (9th Cir.2001). Although Blum's hearsay statement was not admissible at the summary judgment stage as an admission of a party opponent and could not be admitted for the truth of the matter asserted, it should be admitted as impeachment evidence at trial for the limited purpose of aiding the fact finder in evaluating Blum's credibility depending on his testimony at trial.

REVERSED and REMANDED.